875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward COLLIER, Defendant-Appellant.
 No. 88-6017.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, James Edward Collier ("Collier") appeals his jury conviction for possession with intent to distribute cocaine and use of a firearm during the commission of a drug trafficking crime. Collier contends that the district court erred by denying his Motion to Suppress, by giving an improper jury instruction and by refusing to give him credit under the Sentencing Guidelines for accepting responsibility for the crime. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On March 10, 1988, a federal grand jury returned a two count indictment against Collier. Count one charged Collier with possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Count two of the indictment charged Collier with using and carrying a firearm during the commission of a drug offense in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 3
 On May 27, 1988, Collier filed a Motion to Suppress Evidence, alleging defects in the affidavit supporting the warrant. The district court heard and denied the motion on June 1, 1988, and the case immediately went to trial. On June 2, 1988, the jury returned a verdict of guilty on both counts. The district court denied Collier's post-trial Motion for Judgment of Acquittal and Motion to Preclude the Application of the Federal Sentencing Guidelines on Constitutional and Statutory Grounds. The court then sentenced Collier to fifteen months imprisonment on count one and five years imprisonment on count two pursuant to the Sentencing Guidelines.
 
 II.
 
 4
 In January, 1988, the Memphis, Tennessee police department received information that drugs were being sold at an East Memphis apartment. The informant, Alvie Major ("Major") told police that he frequently bought cocaine from Collier, who was his only supplier. The police gave Major $100 to purchase cocaine from Collier. When Major returned with 1.2 grams of cocaine, the Memphis police officers obtained a search warrant for the apartment and for James Collier. On January 13, 1988, when the police arrested Collier, they announced themselves as they entered his apartment. Collier then turned toward a loaded 12 gauge shotgun that was in the corner of the room, but was tackled by police officers before he was able to reach the gun. During a subsequent search of the apartment, the police also found a loaded .357 magnum, twenty-seven and a half grams of cocaine, a triple beam scale, and other drug paraphernalia. At trial, Collier admitted selling the cocaine to Majors but denied going for the gun. Collier also argued that he only used the .357 magnum for target practice.
 
 III.
 
 5
 On appeal, Collier alleges that the warrant was invalid because the supporting affidavit was inaccurate. Collier contends that the informant's location was incorrectly identified as Memphis, Tennessee; that there was no mention of a police authorized cocaine purchase by an informant to facilitate the drug seizure; and that the affidavit failed to mention that the informant smoked some of the cocaine. In addition, Collier argues that because Major smoked some of the recently purchased cocaine and inquired about Collier's guns, the police engaged in outrageous conduct to obtain the search warrant.
 
 
 6
 Collier's argument that the affidavit supporting the warrant was defective is unpersuasive. The Supreme Court has held that if there is sufficient factual information in the affidavit to support probable cause after the defects have been set aside, the warrant will be presumed valid. Franks v. Delaware, 438 U.S. 154, 171-72 (1978). We also find Collier's allegation that the police engaged in outrageous conduct to obtain the warrant is without merit. The police in no way manufactured evidence in this case and there is no evidence of misconduct. The police merely supervised a controlled drug purchase from a known cocaine dealer. Therefore, we agree with the district court's denial of Collier's Motion to Suppress.
 
 IV.
 
 7
 Collier alleges that the district court erred when it gave the instruction relating to count two in the disjunctive instead of the conjunctive. Collier contends that the instruction failed to adequately define the law and should have mirrored the charge.[2] Moreover, Collier claims that the gun was not used to sell drugs, and accordingly the district court should have dismissed count two.
 
 
 8
 The Supreme Court has held that it is appropriate for an instruction to be given in the disjunctive if one or both elements of the offense have been proven, even if the charge was in the conjunctive. United States v. Lemire, 720 F.2d 1327, 1344-45 (D.C.Cir.1983), cert. denied, 467 U.S. 1226 (1984). Moreover, the statute Collier was charged with violating lists the means of committing this singular crime in the disjunctive. The statute provides in pertinent part:
 
 
 9
 Whoever during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm ...
 
 
 10
 18 U.S.C. Sec. 924(c). Therefore, we hold that it was appropriate to give the instruction in the disjunctive as such an instruction merely permitted the jury to find Collier guilty of either one or both methods.
 
 
 11
 Collier's request for a Motion of Acquittal on Count Two is directly related to the above issue. Collier denied using the gun or attempting to go for it when the police entered the apartment. In his instruction, the district judge defined the terms "use" and "carry", explaining that neither were synonymous with possession. The court defined use as possessing "a firearm in any manner to facilitate the drug trafficking crime." The court concluded that this could include using the weapon to provide protection or intimidation. See, United States v. LaGuardia, 774 F.2d 317 (8th Cir.1985). In this case, the gun was in the corner of the room where the drug transactions were conducted. Accordingly, the jury could reasonably conclude that the gun was used for protection and intimidation to facilitate the furtherance of Collier's illegal drug business. We, therefore, hold that the district court correctly denied Collier's Motion for Acquittal.
 
 V.
 
 12
 Collier also challenges the sentence he received on constitutional and statutory grounds. Specifically, Collier objected to the district court's application of the Sentencing Guidelines to impose his sentence. However, that issue is now moot since the Supreme Court recently held that the Guidelines are constitutional. Mistretta v. United States, 109 S.Ct. 647 (1989).
 
 
 13
 In addition, Collier argues that the district court improperly applied the Guidelines. Collier contends that the offense level should have been reduced by two levels since he admitted selling the cocaine and he was therefore eligible for a reduction under section 3E1.1 of the Guidelines which provides:
 
 Acceptance of Responsibility
 
 14
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction, reduce the offense level by 2 levels.
 
 
 15
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial.
 
 
 16
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 
 
 17
 The district court was not persuaded that Collier genuinely accepted responsibility for his involvement in this crime. The district court judge was particularly troubled because Collier's repeated denial of using the gun or going for it when the police arrived, failed to illustrate that he had accepted responsibility for his criminal conduct. Since the sentencing judge had the opportunity to observe the demeanor of the defendant and to evaluate his sincerity, this court is obligated to give great deference to that decision. We, therefore, agree with the sentencing judgment and commitment order of the district court.[3]
 
 
 18
 Accordingly, for all the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation
 
 
 [2]
 Count Two of the indictment read: "On or about January 13, 1988, in the Western District of Tennessee, the defendant, Thomas Edward Collier, [the indictment was later corrected to reflect the defendant's name as James] during and in relation to a drug trafficking crime ... did unlawfully, knowingly, and intentionally use and carry a firearm ... in violation of Title 18 United States Code Sec. 924(c)." The judge instructed the jury that: "The defendant can be found guilty of [Count Two] only if the proof establishes beyond a reasonable doubt that [Collier committed the crime in Count One] and that ... James Edward Collier knowingly carried or used the twelve gauge shotgun introduced in evidence in Count Two during and in relation to the crime in Count One."
 
 
 [3]
 Collier raised several other issues on appeal. However they are without merit. Collier alleged that the government prevented him from calling two witnesses. However, the government did not interfere with Collier's defense; rather by exercising their fifth amendment right against self-incrimination, the two witnesses prevented Collier's cross-examination. Collier also claims that the district court erred by refusing to permit Major to testify that Collier did not have a propensity for violence. This testimony was irrelevant to the calculation of Collier's sentence for count two, as the sentence imposed was mandated by statute and not within the discretion of the district court